WATERMAN, Appellant,

v.

ELK & ELK CO., L.P.A. et al., Appellees.

[Cite as *Waterman v. Elk & Elk Co., L.P.A.* (1994), 96 Ohio App.3d 772.]

Court of Appeals of Ohio,
Summit County.

No. 16681.

Decided Sept. 14, 1994.

*Rankin Gibson,* for appellant.

*George R. Wertz,* for appellees.

REECE, Presiding Judge.

Plaintiff-appellant, A. Joseph Waterman, appeals the trial court's order dismissing his lawsuit in favor of defendant-appellee, Elk & Elk Co., L.P.A., for lack of subject matter jurisdiction. We affirm.

On October 3, 1989, Steven Fitzpatrick, a minor, was severely injured in the apartment complex where he resided. His father, Mark Fitzpatrick, hired the law firm of Elk & Elk to represent Steven in Steven's personal injury action.

Mark became dissatisfied with Elk & Elk's representation. In January 1990, Mark discharged Elk & Elk and hired attorney Joseph Waterman to represent Steven in the personal injury action. Waterman and Mark entered into an agreement whereby Waterman would receive a contingency fee based on the award Steven received. After only a brief period of representation, Mark

discharged Waterman as Steven's lawyer and rehired Elk & Elk to represent Steven.

Elk & Elk arranged a settlement award for Steven. On July 7, 1992, the Summit County Probate Court appointed Mark as legal guardian for Steven to oversee the settlement award. Waterman learned of the settlement and informed all the parties as well as Elk & Elk of his lien in Steven's case. On July 23, the probate court approved the settlement and awarded attorney fees in the amount of $121,300 to Elk & Elk, subject to any liens or claims by Waterman. Upon further consideration, the probate court then added $24,260 to the attorney fee award for a total of $145,560 in attorney fees.

On March 11, 1993, Waterman moved for relief from judgment in the probate court to set aside the settlement award. At a hearing on July 26, 1993, the probate court denied Waterman's motion. The court then continued the hearing in order for Waterman to present evidence regarding the portion of attorney fees Waterman should receive under the settlement.

On September 17, 1993, Waterman voluntarily dismissed without prejudice his claim in the probate court and filed a complaint in the Summit County Common Pleas Court against Elk & Elk. Waterman accused Elk & Elk of breach of implied contract, breach of fiduciary duty, and conversion. The Summit County Common Pleas Court dismissed Waterman's action for want of subject matter jurisdiction. The common pleas court found that the probate court was the proper forum to determine the amount of Waterman's fees. Waterman now appeals.

In his sole assignment of error, Waterman asserts that the trial court improperly dismissed his claim against Elk & Elk. Waterman argues that the common pleas court and not the probate court was the proper forum to hear his claim. Specifically, Waterman argues that although the probate court originally maintained jurisdiction over the fee dispute, the probate court lost its jurisdiction when Waterman voluntarily dismissed his claim in probate court and filed suit in the common pleas court. We do not agree.

The jurisdiction of the probate court derives from R.C. 2101.24. The statute provides:

"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

" * * *

"(d) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;

" * * *

"(r) To act for and issue orders regarding wards pursuant to section 2111.50 of the Revised Code."

█ Pursuant to its authorized jurisdiction, the probate court appointed a guardian to oversee Steven's personal injury action. The issue that arises in this appeal is whether the probate court also had jurisdiction to oversee the settlement award and the disbursement of attorney fees.

The Supreme Court of Ohio addressed this issue in *In re Guardianship of Jadwisiak* (1992), 64 Ohio St.3d 176, 593 N.E.2d 1379. In *Jadwisiak*, a minor hired local counsel to represent him in his personal injury action. The local counsel then engaged Florida counsel, who settled the claim without local counsel's knowledge. Local counsel then petitioned the probate court to approve the settlement and disburse attorney fees. Florida counsel challenged the probate court's authority to approve the settlement and disburse the fees.

The Supreme Court held that "[a] probate court, in order to maintain control over any personal injury settlement entered into on behalf of a ward under its protection, has subject matter jurisdiction over the entire amount of settlement funds, which includes attorney fees to be drawn therefrom." *Id.*, paragraph one of the syllabus. In reaching this conclusion, the court noted that the probate court had exclusive jurisdiction under former R.C. 2101.24 to settle a guardian's accounts. *Id.* at 180, 593 N.E.2d at 1383. The court then stated that the core of the case was the requirement that the probate court maintain control over any personal injury settlement entered into on behalf of the ward under the probate court's protection. *Id.* at 181, 593 N.E.2d at 1383. Thus, in order to preserve the probate court's control of the ward's settlement, the Supreme Court found that the probate court also possessed subject matter jurisdiction over the award of attorney fees attributable to that settlement.

In this case, Waterman seeks to obtain part of the attorney fees awarded in Steven Fitzpatrick's settlement. Because Steven is a ward under the probate court's protection, the probate court is the proper forum to determine the fee award. Therefore, Waterman did not divest the probate court's jurisdiction over the subject matter when he voluntarily dismissed his claim under Civ.R. 41(A)(1).

Furthermore, the Court of Appeals for Hamilton County addressed a fee dispute between attorneys and the application of *Jadwisiak* in *In re Kinross* (1992), 84 Ohio App.3d 335, 616 N.E.2d 1128. In *Kinross*, Ronald Kinross hired attorneys to prosecute a wrongful death action on behalf of his deceased wife's estate. He hired another attorney to probate his wife's estate. Kinross agreed with this second attorney to share attorney fees generated by the wrongful death action. Once the case was settled, the attorneys disputed their respective fees.

In addressing the probate court's power to hear the fee dispute, the court of appeals found *Jadwisiak* controlling. Thus, the court held that the probate court maintained subject matter jurisdiction over the fee dispute. *Kinross,* 84 Ohio App.3d at 340, 616 N.E.2d at 1131. Accordingly, based on *Jadwisiak* and *Kinross,* the proper forum for Waterman to obtain resolution of his claim is the probate court.

Waterman further asserts the probate court denied him due process by not affording him an opportunity to be heard. "Due process requires, at a minimum, that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing * * *. The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardship of a criminal conviction, is a principle basis to our society." *Jadwisiak,* 64 Ohio St.3d at 182–183, 593 N.E.2d at 1384–1385, quoting *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 183, 553 N.E.2d 650, 652.

In this case, the probate court did afford Waterman the opportunity to be heard. The probate court held a hearing where Waterman and his counsel argued in support of his motion for relief from judgment. The court denied the motion and then scheduled a hearing on the issue of the disbursement of the attorney fees. Waterman dismissed his claim in probate court before this hearing was held. Thus, Waterman cannot claim a violation of due process when the probate court did provide him with the opportunity to present his argument. Waterman's assignment of error is overruled.

The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

DICKINSON, J., concurs.

BAIRD, J., concurs separately.

BAIRD, J., concurring.

Though I do not disagree with the majority opinion, it seems to me that, since the jurisdiction of the probate court is statutory, mention should be made of the statutory basis for today's decision.

The parties really do not dispute the concept that the probate court has jurisdiction to hear such a matter. Waterman's argument is, however, that the general division of the common pleas court also has jurisdiction, by reason of this being a simple action upon a contract of the sort routinely heard in the general division. In other words, Waterman concedes that the probate court has jurisdiction, but maintains that its jurisdiction is not exclusive.

R.C. 2111.18 specifically gives the probate court jurisdiction to approve the settlement of minor's claims, through the use of guardianship procedures.[1] R.C. 2101.24(A)(2) provides:

"In addition to the exclusive jurisdiction conferred upon the probate court by division (A)(1) of this section, the probate court shall have exclusive jurisdiction over a particular subject matter if both of the following apply:

"(a) Another section of the Revised Code expressly confers jurisdiction over that subject matter upon the probate court.

"(b) No section of the Revised Code expressly confers jurisdiction over that subject matter upon any other court or agency."

Since I believe that both of these requirements are met here, I believe that the above statute is appropriate authority to establish the exclusive nature of the jurisdiction of the probate court over the subject matter at issue in this case.

---

1. This power includes jurisdiction over disputes between attorneys as to distribution of attorney fees from settlement funds. *In re Kinross* (1992), 84 Ohio App.3d 335, 616 N.E.2d 1128.