STEINER et al.;  Fulton et al., Appellants,

v.

VAN DORN COMPANY et al.;

Arter & Hadden et al., Appellees.

[Cite as *Steiner v. Van Dorn Co.* (1995), 104 Ohio App.3d 51.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 67173, 67174 and 67175.

Decided May 22, 1995.

*William H. Fulton* and *Curtis V. Trinko, pro se.*

*Arter & Hadden, Stanley M. Fisher* and *Irene C. Keyse–Walker;  Wechsler, Skirnick, Harwood, Halebian & Feffer, Stuart D. Wechsler, Robert T. Harwood*

and *Jorn A. Holl; Kaufman & Cumberland Co., L.P.A., Thomas L. Feher* and *Steven S. Kaufman; Bragar & Wexler* and *Paul Wexler;* and *David L. Lee, pro se.*

HARPER, Judge.

William H. Fulton and Curtis V. Trinko appeal from the dismissal of their motion for a pro rata allocation and distribution of attorney fees and expenses by the Court of Common Pleas of Cuyahoga County. The trial court ruled that it was without subject matter jurisdiction to rule on the motion.

## I

Three complaints were filed in the Court of Common Pleas of Cuyahoga County in January 1992, case Nos. CV–224743, CV–224809 and CV–226781; the named defendant in each case was Van Dorn Company et al. ("Van Dorn"). Fulton and Trinko represented plaintiff, Leonore Ballan, in CV–224809. An action entitled *Schaffer v. Van Dorn Co.* was also filed in the Supreme Court of New York, Kings County. The four cases were subsequently consolidated under case No. CV–224743.

The plaintiffs filed a second amended consolidated verified shareholders' individual and derivative complaint for preliminary injunction, declaratory and other relief, with plaintiffs acting individually and derivatively as Van Dorn's representatives. The action proceeded by order dated June 22, 1992 as an individual action and a derivative action, with plaintiffs deemed adequate representatives of Van Dorn's shareholders.

The plaintiffs' individual claims were tried to the bench on July 20 to 21, 1992. The trial court issued its order on September 23, 1992, wherein plaintiffs' request for injunctive relief was granted in part and denied in part.

The September 23, 1992 order was the subject of an appeal and cross-appeal in App. Nos. 64885, 64886, 64888, 64889 and 64890. On November 16, 1993, by agreement of counsel, these appeals were settled and dismissed with prejudice.

The settlement agreement ("the settlement") entered into by the parties provided that a settlement class was to be certified pursuant to Civ.R. 23(B)(1)(b) and (B)(2) for "settlement purposes only." It also contained the following provision:

"3. The Settlement Agreement further provides that plaintiffs will file an Amended Final Application for Fees and Expenses and seek payment of attorneys' fees and disbursements in an aggregate amount not to exceed one million one hundred thousand dollars ($1,100,000.00), plus accumulated interest from July

9, 1993, that Van Dorn will stipulate to the reasonableness of the fees and expenses, and that the individual defendants and Van Dorn will not oppose the application. The fees and disbursements awarded by the Court will be paid by Van Dorn."

The trial court dismissed the action with prejudice in a journal entry dated October 27, 1993 in accord with the settlement. The court recognized that the action was a class action under Civ.R. 23(B)(1)(b) and (B)(2) solely for purposes of settlement. It also determined that the fees and expenses sought by plaintiffs' counsel in an amended final application for fees and expenses were fair and reasonable. The court, therefore, ordered Van Dorn to pay plaintiffs' counsel the sum of $1,100,000 as permitted by the settlement. Regarding the trial court's continuing jurisdiction over the litigation, the court stated, "The Court retains continuing jurisdiction of the Action for purposes of effectuating the Settlement Agreement approved herein."

A satisfaction of judgment was rendered on November 8, 1993. Plaintiffs acknowledged therein that Van Dorn paid the sum of $1,107,077.33 by check payable to Arter & Hadden and Wechsler Skirnick Harwood Halebian & Feffer, the law firms designated earlier by the trial court as co-lead counsel, in full satisfaction of the October 27, 1993 judgment.

## II

On December 3, 1993, Fulton and Trinko ("appellants" [1]) filed their motion for a pro rata allocation and distribution of attorney fees and expenses in the trial court ("allocation motion"). Appellants set forth that appellees were to advise them as to a proposed allocation and distribution of the over one million dollars in attorney fees prior to the actual distribution. Appellees, however, unilaterally determined the allocation and distributed the fees without consulting appellants. As a result, though the total fee award constituted approximately sixty-nine percent of the aggregate lodestar [2] expended by all plaintiffs' counsel, appellants submitted that the amount tendered to them constituted only approximately

---

1. Arter & Hadden and Wechsler Skirnick Harwood Halebian & Feffer dispute that Fulton and Trinko are proper "appellants," but for convenience purposes, they are referred to as "appellants" in this opinion and Arter & Hadden and Wechsler Skirnick Harwood Halebian & Feffer are referred to collectively as "appellees."

2. Two different methods of determining attorney fees are traditionally used when courts award fees in common fund cases, the lodestar method and the reasonable percentage method. The lodestar is determined through the multiplication of the reasonable hours expended by plaintiffs' counsel by the prevailing hourly rate in the community for similar work. A multiplier is next determined, if warranted by the circumstances, to either decrease or increase the lodestar.

thirty percent of their actual lodestar. Moreover, appellants submitted that they were also entitled to full reimbursement of their actual out-of-pocket expenses.

Appellants returned the fees check made payable to both of them in the amount of $77,318.07, received November 16, 1993, to appellees and requested a meeting to discuss and/or try to resolve the dispute. According to appellants, appellees failed to respond to the request. Appellants thus asked the trial court via the allocation motion for a pro rata allocation and distribution of the attorney fees and expenses as awarded in the October 27, 1993 judgment, based upon the actual lodestar and expenses expended by the appellants in the underlying litigation.

Appellants filed a supplement to the allocation motion on January 5, 1994. They asserted generally that all expenses and sixty-nine percent of lodestar time should be paid to each plaintiffs' counsel. Appellants advanced specifically that Trinko's share of the total award was $16,978.82, subsequently reduced to $15,336.92, for expenses, and $123,134.98 (sixty-nine percent of $178,456.50 lodestar) for legal fees; Fulton's share was $339.22 for expenses, and $11,711.03 (sixty-nine percent of $16,972.50 lodestar) for legal fees.

Plaintiffs' two lead counsel, Stanley M. Fisher ("Fisher") and Stuart D. Wechsler ("Wechsler"), filed a motion to strike appellants' allocation motion on February 9, 1994. Fisher and Wechsler argued that the trial court lacked subject matter jurisdiction to entertain the motion.

In its March 23, 1994 judgment entry, the court found and concluded as follows in relevant part:

"No objection, either by a shareholder or by any party or their counsel, was entered as to any part of the Settlement Agreement including plaintiffs' counsel's application for fees and expenses. The proposed Settlement Agreement was approved by the Court in all respects and the case was dismissed. Pursuant to the Settlement Agreement, the Court retained limited jurisdiction for the sole purpose of effectuating the Settlement Agreement as between the *parties* to the litigation.

"It appears to this Court, that given its limited reservation of jurisdiction and given that the instant dispute is between plaintiffs' counsel and not the parties themselves, this fee allocation dispute lies outside the jurisdictional reach of this Court. The division of fees between plaintiffs' counsel and any disputes arising in connection therewith, is properly governed by DR 2–107(B) of the Code of Professional Responsibility which provides:

" 'In cases of dispute between lawyers arising under this rule, fees shall be divided in accordance with mediation or arbitration provided by a local bar

association. Disputes that cannot be resolved by a local bar association shall be referred to he [*sic*] Ohio State Bar Association for mediation or arbitration.'

"Accordingly, plaintiffs' Motion for Pro Rata Allocation of Attorneys' Fees and Expenses is overruled on grounds that this Court lacks jurisdiction over the subject matter set forth in the Motion." (Emphasis *sic*.)

## III

This appeal followed, with appellants raising as error:

"I. The court of common pleas erred, as a matter of law, in holding that it lacked subject matter jurisdiction to entertain the motion for the *pro rata* allocation and distribution of attorneys' fees and expenses because the court exercised continuing jurisdiction over any award of attorneys' fees and expenses which were made by the court in its capacity as protector of the class under Rule 23(E) of the Ohio Rules of Civil Procedure.

"II. The court of common pleas erred, as a matter of law, in holding that Ohio Disciplinary Rule 2–107(B) provided the exclusive procedure for the resolution of fee disputes amongst attorneys from different firms, and therefore divested the court of subject matter jurisdiction, where, as here, the attorneys' fees and expenses were awarded by the court as part of the compromise and settlement of a class action under Rule 23(E) of the Ohio Rules of Civil Procedure.

"III. The court of common pleas erred in overruling the motion for the *pro rata* allocation and distribution of attorneys' fees and expenses, because such relief is mandated by Ohio Disciplinary Rule 2–107(A) and Rule 23(E) of the Ohio Rules of Civil Procedure, and there are no issues of material fact herein."

Appellants challenge the trial court's decision to not hear their allocation motion for lack of subject matter jurisdiction. Since this is the basic issue presented on appeal, and appellants' three assignments of error are interrelated in that respect, we concurrently review the assignments.

Appellants point to that portion of Civ.R. 23(A), based on Fed.R.Civ.P. 23(A), which requires that the interests of the class be fairly and adequately protected in class actions, to support its assertion that the trial court possessed jurisdiction to hear the allocation motion. They also refer to the trial court's judgment itself to establish that the trial court expressly maintained jurisdiction over the attorney fees matter. Neither one of these supporting materials alters our conclusion that the trial court properly declined to hear the motion based upon lack of subject matter jurisdiction.

First, Civ.R. 23 ensures the adequate protection of a class. However, there were no objections to the settlement, which provided for an award not exceeding

$1,100,000 to plaintiffs' counsel for attorney fees. Members of the class and plaintiffs' counsel failed to share the same interests in the recovery of attorney fees once the members of the class made no objection to the awarded amount. The class was thus not disturbed by this portion of the settlement. Civ.R. 23(A)(4) is not applicable to plaintiffs' attorneys, who are not a part of the class and who are not charging that the class was not fairly or adequately protected in any manner.

Second, the trial court's judgment contains a provision which sets forth its continuing jurisdiction of the action for "purposes to effectuate the settlement agreement." Since the settling plaintiffs obtained certification of the action as a class action for settlement purposes, the settling plaintiffs' interests are protected when the action is settled in accordance with the settlement. See *In re Kroger Co. Shareholders Litigation* (1990), 70 Ohio App.3d 52, 64, 590 N.E.2d 391, 399. The settlement includes the court's instruction that Van Dorn pay attorney fees in the amount of $1,100,000 to plaintiffs' counsel. Van Dorn paid the funds and appellees distributed them to plaintiffs' counsel. The court's judgment made no mention as to the proper allocation or disbursement of the funds, only that they be paid and in general terms be distributed amongst plaintiffs' counsel. The award and distribution were accomplished in accordance with the settlement and the trial court's final judgment in which it approved of the settlement.

We thus defer to the trial court's determination that it lacked subject matter jurisdiction to enter into a dispute between plaintiffs' counsel as to how fees should be distributed between them. The trial court's analysis of why it lacked jurisdiction was proper, and we refuse to disturb its final conclusion.

*Judgment affirmed.*

O'DONNELL, J., concurs.

NAHRA, J., dissents.

NAHRA, Judge, dissenting.

I believe the trial court had jurisdiction to rule on appellants' motion for the pro rata allocation and distribution of attorney fees and expenses. The trial court retained jurisdiction to effectuate the settlement agreement, and the court has jurisdiction to enforce the settlement agreement. *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324; *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902. The award of attorney fees and provision for allocation of such fees is a term of the settlement agreement, which the court has the jurisdiction to enforce. The settlement agreement stated that appellees' two lead counsel would "apportion the fees among plaintiffs' counsel as they deem appropriate." However, this is not a

grant of unfettered discretion. The settlement agreement is a contract, *Spercel, Mack, supra,* and a contract may be subject to an implied covenant of good faith and fair dealing. See *Canton Joint Venture v. Boardwalk Fries, Inc.* (Nov. 29, 1993), Stark App. No. CA–9311, unreported, 1993 WL 500344; *F & L Ctr. Co. v. Cunningham Drug Stores* (1984), 19 Ohio App.3d 72, 76, 19 OBR 156, 159–160, 482 N.E.2d 1296, 1300–1301 (Nahra, J., dissenting); *Sessions, Inc. v. Morton* (C.A. 9, 1974), 491 F.2d 854, 857. The trial court has the jurisdiction to determine whether the provision for division of fees was subject to an implied covenant of good faith and fair dealing, and if so, whether appellees' division of fees violated the implied covenant.

Appellees assert that the trial court has no jurisdiction to enforce any fee division provisions, because appellants and appellees are not parties to the lawsuit. Although attorneys are not parties to the action, the court has jurisdiction to award attorney fees in a shareholder derivative action. *Mills v. Elec. Auto–Lite* (1970), 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593. If the settlement agreement actually sets forth how the fees will be divided, the court must review the division to see if it is fair and in accordance with Disciplinary Rules. *Kronfeld v. Transworld Airlines* (S.D.N.Y.1990), 129 F.R.D. 598; *Rievman v. Burlington N. RR. Co.* (S.D.N.Y.1987), 118 F.R.D. 29. Thus, the court has jurisdiction over terms of the settlement agreement which affect the parties' attorneys, who are not themselves parties to the lawsuit. Additionally, an analogy can be made to probate court cases, which held that the probate court has jurisdiction over the settlement and disbursement of attorney fees from a personal injury settlement entered into on behalf of a ward. *In re Guardianship of Jadwisiak* (1992), 64 Ohio St.3d 176, 593 N.E.2d 1379; *Waterman v. Elk & Elk Co., L.P.A.* (1994), 96 Ohio App.3d 772, 645 N.E.2d 1326. In these cases, the court had jurisdiction over a dispute between attorneys over the division of fees, although the attorneys were not parties.

DR 2–107(B) was not intended to override the court's authority to determine if a settlement agreement was breached, or the court's authority to award attorney fees. Model Rules of Professional Responsibility Rule 1.5, Comment (1983, amended 1994).

The court had a familiarity with the case and the work that went into it. The court should have held a hearing and resolved this dispute rather than turning the parties away and creating satellite litigation. I would reverse the decision of the trial court and remand for further proceedings.