OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the lower court, and the briefs.
Plaintiff-appellant Cinnamon Woods Condominium Association, Inc. appeals from the trial court order that granted only in part its motion to enforce a settlement agreement appellant entered into with defendant-appellee Laurence DiVito.
In its three assignments of error, appellant argues the trial court's order was improper since appellee admitted his breach of the settlement agreement. Appellant contends it was entitled to its attorney fees expended in pursuing the action. This court has reviewed the record, finds the trial court lacked subject matter jurisdiction in this case, and therefore vacates its order in its entirety.
Appellant originally filed this action on June 26, 1997 seeking injunctive relief against appellee, one of the condominium unit owners, pursuant to its "Declaration of Condominium Ownership." Appellant alleged appellee had been mowing and fertilizing certain portions of lawn located in the common areas without appellant's permission and in violation of Section XII.A of the Declaration. Appellant attached to its complaint a copy of the Declaration as an exhibit.
Prior to appellee's filing of an answer to appellant's complaint, appellant filed a "notice of voluntary dismissal with prejudice" pursuant to Civ.R. 41(A). Appellant noted only that "each party [was] to bear their (sic) own costs of this action." Appellant attached to its notice a proposed judgment entry "for the Court's convenience."
On July 29, 1997 the trial court signed and filed the judgment entry, which stated as follows:
 Plaintiff's, Cinnamon Woods Condominium Association, Inc., voluntary dismissal of this action, with prejudice, with each party to bear their (sic) own costs of this action, pursuant to Rule 41 (a) of the Ohio Rules of Civil Procedure is hereby ordered.
IT IS SO ORDERED.
The trial court's accompanying half-sheet entry noted the judgment was "final."
On June 29, 1999 appellant filed a "motion to show cause, or in the alternative, motion to enforce settlement agreement." Appellant requested the trial court to conduct a hearing to determine whether appellee should be "held in contempt of court for his repeated violations of the Settlement Agreement * * * of this matter." Appellant attached to its motion as an exhibit,inter alia, what purported to be a copy of the "Settlement Agreement" signed by the parties in July 1997.
Appellee filed a response to appellant's motion in which he denied appellant's assertions. Appellee subsequently supplemented his response.
The trial court conducted a hearing on the matter on August 4, 1999. Several witnesses testified, and the trial court accepted several exhibits into evidence. Thereafter, the trial court issued a judgment entry disposing of the dispute in the following manner:
 Hearing held on "(plaintiff's) motion to show cause or in the alternative, motion to enforce a settlement agreement," Motion to show cause is denied. There is not a "lawful writ, process, order, rule, judgment, or command of a court or an officer" as set forth in O.R.C. 2705.02. Hence, (defendant) is not in contempt of court.
 There is a settlement agreement. Motion is treated as a motion to enforce the settlement agreement. Motion to enforce the settlement agreement is granted in part denied in part as follows; from this date forward, (defendant) is not to mow, fertilize and/or weed trim the grass in the common area. Paragraph 2, permitting (defendant) certain activities 
paragraphs 3 4 remain intact. Failure to adhere to this settlement agreement, (sic) may result in sanctions. (Plaintiff's) motion for attorney's fees is denied. In event other residents are not sanctioned, (plaintiff) waives right to sanctions.
Although appellant filed a motion in the trial court for reconsideration of the foregoing order, the trial court denied it. Appellant then timely filed this appeal.
Although appellant asserts three assignments of error with regard to the trial court's order disposing of its motion to enforce the settlement agreement, this court need not address them since the record clearly demonstrates the trial court had no authority to enter the order.[1]
A judgment rendered by a court that lacks subject matter jurisdiction is void ab initio. Patton v. Diemer (1988), 35 Ohio St.3d 68
. Furthermore, subject matter jurisdiction may neither be conferred upon the court nor waived by agreement of the parties.Freeland v. Pfeiffer (1993), 87 Ohio App.3d 55.
The Ohio Supreme Court has stated that a trial court loses its authority to proceed, and thus lacks jurisdiction, over an action that it has unconditionally dismissed. State ex rel. Rice v.McGrath (1991), 62 Ohio St.3d 70, 71.
Appellant's Civ.R. 41(A) notice of dismissal of this action contained no additional notice that it was being filed as the result of a settlement between the parties. Moreover, the trial court's judgment entry of July 29, 1997 stated only that the case was dismissed with prejudice; the purported settlement agreement was not incorporated into the final journal entry. Hart v. Smolak
(Sep. 5, 1995), Franklin App. No. 94APE12-1808, unreported; cf.,Continental W. Condominium Unit Owners Assn. v. Howard E.Ferguson, Inc. (1996), 74 Ohio St.3d 501.
The trial court's final journal entry failed even to state the case had been "settled." Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200, unreported; Tepper v. Heck (Dec. 10, 1992), Cuyahoga App. No. 61061, unreported; PrudentialProperty Casualty Ins. Co., Inc. v. LMI Insurance Co. (Mar. 7, 1997), Richland App. No. 96 CA 32, unreported. Clearly, the judgment entry did not indicate the trial court retained any jurisdiction to enforce the terms of a purported settlement. Thus, it was unconditional. Baybutt v. Tice (Dec. 5, 1995), Franklin App. Nos. 95APE-06-829, 95APE08-1106, unreported.
The trial court's original judgment entry in this case simply dismissed the action with prejudice unconditionally; therefore, the trial court lacked subject matter jurisdiction thereafter to rule on appellant's motion to enforce a settlement agreement.[2] State ex rel. Rice v. McGrath, supra; see, also,Steiner v. Van Dorn Co. (1995), 104 Ohio App.3d 51.
Since the trial court's order was void ab initio, this court has the inherent authority to vacate it. Patton v. Diemer, supra
at 70.
The order of the trial court, accordingly, is vacated.
It is, therefore, considered that said appellee shall recover of said appellant his costs herein involved in this action.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., CONCURS.
 JOHN T. PATTON, J., CONCURS.
 _________________________________ KENNETH A. ROCCO JUDGE
[1] Appellant's assignments of error state:
 I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR ATTORNEYS' FEES.
 II. THE TRIAL COURT ERRED BY FAILING TO ENFORCE THE CLEAR LANGUAGE OF THE SETTLEMENT AGREEMENT DESPITE APPELLANTS' (SIC) ADMISSIONS OF BREACH.
 III. TO THE EXTENT THAT THE TRIAL COURT FOUND THAT APPELLANT FAILED TO PROVE APPELLEE'S BREACH, THE TRIAL COURT ABUSED ITS DISCRETION BECAUSE APPELLEE ADMITTED HIS BREACH.
[2] Appellant's proper course, rather, was to file a separate action "asserting breach of the settlement agreement and requesting relief as appropriate." Hart v. Smolak, supra; see, also, Tepper v. Heck, supra; Quadracast, Inc. v. ColumbiaPlastics, Inc. (Mar 5, 1990), Stark App. No. CA-7875, unreported.