JOURNAL ENTRY AND OPINION
Appellant Cleary Associates (Cleary) claims Judge Pat Kelly erred in finding he did not retain jurisdiction over an attorney fee dispute with appellees' lawyer. Cleary maintains its motion to hold certain fees in escrow was filed prior to the judge's approval of the final settlement of the underlying class action, and that jurisdiction was conferred because a judge retains the right to resolve all fee disputes between attorneys related to any case in which the court has jurisdiction. We disagree and affirm.
Brendan Delay was a shareholder in the law firm of Cleary 
Delay Co. L.P.A. and a salaried employee from August 1993 through March 1997. In August 1995, he brought to the firm a potential class action lawsuit against Blue Cross and Blue Shield on behalf of Michael and Gina O'Shea, seeking entitlement to damages for the covert discounting of hospital billings. The O'Sheas signed an attorney contract with Delay and Cleary Delay providing for a contingent fee. Thereafter, Delay entered into an agreement with attorneys Roy Lachman and Kevin Roberts to participate in the case in exchange for a fee division and cost allocation.
Roberts filed the complaint on September 1, 1995, and Delay and Cleary Delay first entered an appearance on December 30, 1996, through a motion to compel. During the years of 1995, 1996, and 1997, Delay expended approximately 547 hours on the O'Shea case and other Blue Cross/Blue Shield related litigation and spent $3,557.56 of the firm's money on case related expenses.
On March 30, 1997, Delay resigned from the firm and advised the O'Sheas that although was leaving Cleary Delay, he would still be handling their case at his new firm. Delay noticed all counsel in the Blue Cross/Blue Shield action of this change as well.
On June 9, 1998, a stipulation of settlement was filed in the class action. Because a resolution appeared imminent, the new and renamed firm of Cleary Associates notified Delay of its claim for expenses and attorney fees for Delay's work while with the old firm. On July 27, 1998, Cleary filed a motion to place certain attorney fees in escrow pending the outcome of a division of fees arbitration and mediation matter then pending before the Cleveland Bar Association. On July 30, 1998, Delay responded, arguing, inter alia, that the Cleveland Bar Association did not have jurisdiction over the matter.
The judge held a hearing on July 30, 1998, to determine the final approval of the proposed settlement and the appropriate allocation of attorney fees including costs and expense reimbursements.
On August 7, 1998, the judge entered final judgment which found the stipulated settlement to be fair, reasonable and in the best interests of each class, and noted the disbursement of attorney fees:
 10. With respect to the O'Shea case, Plaintiff's Counsel are hereby awarded attorney's fees in the amount of $717,730.27, and reimbursement expenses of $13,413.16, such amounts to be paid from the Settlement Funds on the Settlement Effective Date, together with interest from the date of establishment of the Settlement Fund to the date of payment at the same net rate as earned by the Settlement Fund; and each named Plaintiff shall be paid $2,500.00 from the Settlement Fund. The fees and expenses shall be paid to Kevin T. Roberts, Brendan E. Delay, and R. Eric Kennedy, Weisman Goldberg Weisman, to be distributed by Plaintiffs' counsel.
On August 20, 1998, the Cleveland Bar Association determined that it did not have jurisdiction over the fee dispute, stating:
 Upon review of this matter, it is our conclusion that this dispute does not fall within the coverage of DR 2-107, Ohio Code of Professional Responsibility, and hence our committee must decline to assume jurisdiction.
 It appears to us that your claim arises out of an agreement entered into with Mr. Delay while he was an employee of Cleary Associates. Accordingly, we do not believe that this is a dispute involving the division of fees by lawyers who are not of the same firm.
On August 24, 1998, Delay filed a motion to overrule Cleary's motion as moot. Cleary then argued that the judge should retain the fees in escrow pending either; 1) the judge's own ruling on the fee dispute; 2) the outcome of an arbitration proceeding pursuant to the employment or shareholder's contract between Cleary and Delay; or 3) settlement through voluntary negotiation between Cleary and Delay.
On November 13, 1998, the judge issued the following order:
 Motion to deposit fees into escrow is denied. Issues raised in post-settlement motion are not properly before this court as the underlying action has been settled and disposed. Both parties have other remedies including declaratory judgment or creditors bill actions. Neither are before this court and the motion is denied. All provisions of this final order may proceed as previously ordered by this court. All other motions are denied as moot. Final.
Cleary's sole assignment of error provides:
 WHETHER OR NOT THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED APPELLANT'S MOTION TO PLACE CERTAIN ATTORNEY'S FEES IN ESCROW.
Cleary argues that: (1) the judge properly had jurisdiction over the parties and all matters relevant thereto because jurisdiction is vested with the court once the subject matter and the parties are recognized; and (2) its motion was not a post judgment motion because it was filed eleven days prior to the court's final order and judgment issue on August 7, 1998.
Delay contends the judge did not retain jurisdiction to rule upon Cleary's motion because the new firm of Cleary Associates was never a party to this action, and that the scope of Cleary's motion, an attorney fee dispute within a closed corporation concerning a stock restriction agreement, was not an issue for the judge because it did not affect the members of the class. Delay further submits that Cleary does not have the capacity to appeal because it failed to file a motion to intervene pursuant to Civ.R. 24 and is a non-party.
A non-party's failure to attempt intervention in the trial court necessarily results in an incapacity to appeal. Januzzi v. Hickman (1991), 61 Ohio St.3d 40, 45, 572 N.E.2d 642, 646. In its motion to place attorneys' fees in escrow, Cleary requested permission to intervene pursuant to Civ.R. 24(B) if the judge determined its prior appearance in the case, through Delay and Clearly Delay, unsatisfactory. It stated: If, for some reason, any counsel objects to this method of appearance, then Cleary 
Associates requests permission to intervene pursuant to Civil Rule 24. Accordingly, Cleary has standing to appeal.
However, finding that Cleary has standing to appeal does not mean that Cleary or Delay were proper parties, or that their fee dispute was a proper issue for resolution in the underlying case. In Steiner v. Van Dorn Co. (1995), 104 Ohio App.3d 51,660 N.E.2d 1256, this Court rejected a claim that a trial court had jurisdiction to apportion fees among different attorneys in a class action suit, where the settlement agreement provided for a lump-sum payment of fees to all plaintiffs' counsel, and the class members did not object to the amount of the fee award. The Steiner court held that the trial court's retention of jurisdiction, as stated in the settlement agreement, applied only to effectuate the agreement as between the parties to the litigation. (Emphasis sic.) Id. at 54, 660 N.E.2d at 1258. The court also noted that since Civ.R 23 pertains to the protection of the class, it follows that Civ.R. 23(A)(4) does not apply to plaintiff's attorneys who were not part of the class, and who are not charging that the class was inadequately protected or represented. Id. at 56,660 N.E.2d at 1259.
In City Of Seven Hills v. City of Cleveland (1988), 47 Ohio App.3d 159,547 N.E.2d 1024, paragraph one of the syllabus, this Court held the following:
 A court of common pleas has no jurisdiction to consider a post-judgment motion requesting a court order directing the payment of attorney fees, where such motion is filed by a non-party and where the complaint contains no cause of action for attorney fees. Since such jurisdiction does not exist, it may not be "reserved" by the court in its final judgment.
Consequently, if the original complaint for an action contains no cause of action for attorney fees, a non-party to the action may not file for attorney fees, through a post-judgment motion, as subject matter jurisdiction does not exist. Id.
Neither Cleary nor Delay was a party to this action, and their fee dispute was outside the scope of the O'Shea's action. Although we find that Cleary has standing to appeal based on its request to intervene,[1] we do not find that the judge erred in dismissing the motion for lack of jurisdiction, a ruling consistent with our finding that Cleary's request to intervene, if considered, should have been denied. Cleary attempted to intervene in order to assert a claim against Delay; however, Delay himself was not a party to the litigation.
In order to raise its complaint in the O'Shea case, Cleary would have had to file a motion to name Delay as a party under Civ.R. 14 in addition to its motion to intervene. Because Cleary had no interest in the underlying litigation, it would have no basis for intervention until Delay became a party. However, Delay could not be named a party under Civ.R. 14 until a current litigant moved to include him. In short, Cleary could not become a party until Delay became a party, and Delay would never be a party unless named by Cleary. This is nothing more than the Civil Rules acting to ensure that strangers do not attach themselves to ongoing litigation, but instead resolve their disputes in separate actions.
Although Cleary complains that requiring a separate action is inefficient, the opposite is true. There is no reason to maintain the pendency of this suit when none of the parties has any interest in the dispute between a law firm and a lawyer. The resolution of their dispute, whether through a civil action, arbitration, negotiation, or inertia, is of no consequence to the O'Sheas, Blue Cross Blue Shield of Ohio, or any other party to this action. The parties to this case should not be forced to continue to appear in court and incur attorneys' fees in proceedings in which they have no interest. The parties here have settled their case, and should reap the benefits of freedom from court proceedings. They should not be forced to remain parties while these attorneys engage in the discovery and argument that will accompany this dispute.
Further, although Cleary's motion was filed before the judge entered final judgment, it was filed after the notice of stipulation of settlement, and will, as a result, be treated as a post-settlement motion. Consequently, since its motion regarding attorney fees did not affect the members of the class, and was a satellite issue to the class' complaint and interests, jurisdiction cannot be conferred on the court. There is no reason why the court in this action should hold funds in escrow pending the outcome of an unidentified, unrelated, and quite possibly uninitiated proceeding between Cleary and Delay. The judge correctly determined that he lacked jurisdiction to resolve the dispute and that Cleary and Delay had other means to resolve their dispute. The assignment of error is overruled.
Judgment: affirmed.
It is ordered that the appellees recover from the appellant their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ ANNE L. KILBANE, JUDGE
ANN DYKE, ADMINISTRATIVE JUDGE AND MICHAEL J. CORRIGAN, J., CONCURRING IN JUDGMENT ONLY.
[1] However, we note that a request to intervene normally should be included in the caption of a motion.