HOHMANN, BOUKIS & CURTIS CO., L.P.A., Appellee and Cross–Appellant,

v.

BRUNN LAW FIRM CO., L.P.A., et al., Appellants and Cross–Appellees.

[Cite as *Hohmann, Boukis & Curtis Co., L.P.A. v. Brunn Law Firm Co., L.P.A.* (2000), 138 Ohio App.3d 693.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76554.

Decided July 31, 2000.

*Koblentz & Koblentz, Richard S. Koblentz* and *Craig J. Morice,* for appellee and cross-appellant.

*Clark B. Weaver,* for appellants and cross-appellees.

JAMES D. SWEENEY, Judge.

Defendants-appellants The Brunn Law Firm, Thomas L. Brunn, Sr., and Thomas L. Brunn, Jr. (appellants) [1] appeal from the trial court's order that found this case suitable for arbitration before the Cleveland Bar Association pursuant to Disciplinary Rule 2-107 of the Ohio Code of Professional Responsibility. Plaintiff-appellee Hohmann, Boukis & Curtis Co., L.P.A., and third-party-defendants-appellees Christ Boukis, Kenneth Boukis, and William Hohmann (appellees) [2] filed a cross-appeal regarding the denial of requested injunctive relief.

In 1994, when Brunn, Sr. purchased one share of stock in Hohmann, Boukis & Boukis, the firm became Hohmann, Boukis & Brunn. At this time, Brunn, Jr. was already an associate of the firm. In 1998, both Brunns left the firm of Hohmann, Boukis & Brunn and formed their own firm, The Brunn Law Office Co., L.P.A. Hohmann, Boukis & Brunn became Hohmann, Boukis & Curtis. There are numerous questions of fact presented by the parties as to the agreements reached between the firm and the Brunns prior to the time the Brunns formed their own firm.

On April 6, 1999, Hohmann, Boukis & Curtis filed this action against appellants. The complaint sets forth various causes of action including breach of contract and conversion. There are allegations in the complaint that the appellants have refused to provide information regarding settlements, have erased data from the computer, and that the dissipation of funds is imminent. As relief, the appellee sought: 1) damages in *quantum meruit* for attorney fees; 2) an accounting of fees and expenses; 3) monetary damages; 4) exemplary damages; 5) a temporary restraining order and other injunctive relief; and, 6) the appointment of a special master of the Cleveland Bar Association who would create an escrow account.

On May 12, 1999, the appellants filed a counterclaim and a third-party complaint alleging fraud, conversion, gross mismanagement, unjust enrichment, breach of partnership agreement, and restraint of trade. The third-party complaint names as new parties, Christ Boukis, Kenneth Boukis, William Hohmann.

1. The Brunn Law Firm, Thomas L. Brunn, Sr. and Thomas L. Brunn, Jr., are the defendants-appellants in this action. They are also the third-party-plaintiffs and the cross-appellees. For ease of reading, these parties collectively are referred to throughout the opinion as appellants.

2. The firm of Hohmann, Boukis & Curtis is the plaintiff-appellee. It is also the cross-appellant. The partners, William Hohmann, Christ Boukis, and Kenneth Boukis, were added as third-party-defendants. They are appellees and cross-appellants. For ease of reading, the firm and its partners will be collectively referred to throughout the opinion as appellees.

In the counterclaim/third-party complaint, the appellants assert that when Brunn, Sr. requested financial information, his request was either ignored or he was provided with incomplete information. Brunn, Sr. learned in February 1998 that financial improprieties had occurred and were occurring, specifically, that IOLTA Trust monies in excess of $50,000 were missing and/or converted. The appellants also alleged that inaccurate records were being kept of client costs advanced and of attorney fee production. The appellants assert that there were assurances made by Christ Boukis that the improprieties were remedied, but Brunn, Sr. later learned that the situation was not remedied and that the appellees had knowledge of the situation. Brunn, Sr. personally generated additional fees and reconciled the client IOLTA Trust account at a cost in excess of $50,000. In the counterclaim/third-party complaint, the appellants also allege that the other members of the former firm received bonuses without consulting or seeking the approval of Brunn, Sr. that the appellee failed and refused to advance the necessary expenses on behalf of clients after the split as had been agreed to between the parties, and that the appellees intentionally held off collecting attorney fees on work in progress and then converted the fees to their own use.

The appellant sets forth one assignment of error:

"The trial court erred to the prejudice of defendants-appellants in ordering that the dispute between the parties be referred to the Cleveland Bar Association for arbitration pursuant to DR 2–107(B) of the Code of Professional Responsibility and the holdings of *Climaco, Climaco [Seminatore, Lefkowitz & Garofoli Co.] v. [Robert E.] Sweeney [Co.]* (1997), 123 Ohio App.3d 289 [704 N.E.2d 47], and *Steiner v. Van Dorn Co.* (1995), 104 Ohio App.3d 51, 660 N.E.2d 1256."

[1] The appellants and the appellees both agree that this case is not suitable for arbitration by the bar association and that this particular case does not fall within the parameters of DR 2–107. The parties agree that the Disciplinary Rule applies to fee disputes between firms, but argue that the rule should not apply to fee disputes between a firm and attorneys who left to form a new firm.

Disciplinary Rule 2–107 of the Code of Professional Responsibility states:

"DIVISION OF FEES AMONG LAWYERS

"(A) Division of fees by lawyers who are not in the same firm may be made only with the prior consent of the client and if all of the following apply:

"(1) The division is in proportion to the services performed by each lawyer or, if by written agreement with the client, all lawyers assume responsibility for the representation;

"(2) The terms of the division and the identity of all lawyers sharing in the fee are disclosed in writing to the client;

"(3) The total fee is reasonable.

"(B) In cases of dispute between lawyers arising under this rule, fees shall be divided in accordance with mediation or arbitration provided by a local bar association. Disputes that cannot be resolved by a local bar association shall be referred to the Ohio State Bar Association for mediation or arbitration.

"(C) This rule does not prohibit payment to a former partner or associate pursuant to a separation or retirement agreement."

The trial court cited two cases from this court, *Steiner v. Van Dorn Co.* (1995), 104 Ohio App.3d 51, 660 N.E.2d 1256, and *Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co. v. Robert E. Sweeney Co.* (1997), 123 Ohio App.3d 289, 704 N.E.2d 47. In *Steiner*, this court determined that where a class action had been settled and dismissed with an agreement as to the aggregate amount of attorney fees, the trial court did not err in determining that it lacked continuing jurisdiction to resolve the fee dispute between the plaintiffs' attorneys. In *Climaco*, this court considered a complex situation where two firms entered an agreement and then an associate of one firm became employed by the other. This court noted that unlike the facts in *Steiner*, a separate breach of contract action had been filed. This court held that DR 2–107 did not divest the trial court of jurisdiction.

While these cases concern DR 2–107, the facts of each are distinguishable from the case *sub judice*. Here, both the appellants and the appellees were members of one law firm who have parted ways and formed two different firms. This situation is far different from one in which the fee has been preset and all that needs to be done is the division of the money (*Steiner*) or one in which an associate changes employers (*Climaco*).

It has been held that in order for the arbitration provision of DR 2–107(B) to apply, the dispute must arise under DR 2–107(A). *Schulman v. Wolske & Blue Co. L.P.A.* (1998), 125 Ohio App.3d 365, 708 N.E.2d 753. Although considering very different facts, this court has held that DR 2–107(A) applies only under a narrow set of circumstances. *Fred Siegel Co. v. Provident Mgt. Inc.* (Nov. 19, 1998), Cuyahoga App. Nos. 72303, 72324, 72362, 72363, 72557, and 73140, unreported, 1998 WL 811310, and *Schroeder v. DeVito* (2000), 136 Ohio App.3d 610, 737 N.E.2d 559. It is important to the resolution of this opinion to point out that DR 2–107(A) specifically regulates lawyers who are not in the same firm. Although the appellants and the appellees are not presently in the same

firm, they were at one time and it is out of this former relationship that this dispute arises.

Further, in this case the complaint and the counterclaim/third-party complaint set forth issues of breach of contract, conversion, and fraud, and requests for punitive damages. There are allegations of data elimination from computers on one hand and allegations of improprieties in the IOLTA account on the other.[3] At least one court has indicated that where the fee dispute is between members of the same firm, the ultimate resolution of the dispute would necessarily involve issues beyond the fee agreement itself. The court stated that, "These other issues would clearly fall outside the intended scope of DR 2–107(B)." *Shimko v. Lobe* (1997), 124 Ohio App.3d 336, 345, 706 N.E.2d 354, 360.

Under the facts presented in this case, this court finds that the referral to the bar association for arbitration pursuant to DR 2–107 was unwarranted. The appellants' assignment of error is well taken.

The appellees set forth two cross-assignments of error. The first cross-assignment of error:

■ "The trial court erred in its not conducting an hearing prior to its ruling denying the application of appellee/cross-appellant for a temporary restraining order and injunctive relief, contrary to Ohio Rule of Civil Procedure 65 and case law so interpreting."

The appellees assert that the trial court failed to permit them to introduce evidence and hear testimony on their request for injunctive relief. The appellees assert that Civ.R. 65 contemplates that a trial court will have a hearing on the motion and permit the introduction of testimony and evidence.

The record before this court shows that the appellees requested a temporary restraining order ("TRO") in the complaint. Both the appellees and the appellants requested continuances at various times. The TRO was set for the following dates: April 7, 1999, April 12, 1999, April 15, 1999, May 3, 1999, May 13, 1999, and, May 10, 1999. Each order of the court referenced the hearing as one for a TRO.

Because it was a TRO that was requested, and not a preliminary or permanent injunction, this court turns to Civ.R. 65(A) which explicitly concerns temporary restraining orders. A close reading of this section of the rule reveals that there

---

3. At this early stage of the litigation, this court will not speculate as to whether or not these allegations are severable from the issue of attorney fees.

is no requirement for any hearing on a TRO. Thus, the trial court here did not err in failing to receive evidence and testimony prior to issuing its decision.

■ Additionally, this court notes that in *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, at paragraph one of the syllabus, the Supreme Court held that an appellate court need not consider an error that a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided.

■ Had the trial court erred, the appellees' cross-assignment of error is without merit because, as the record reveals, the appellees failed to request the introduction of evidence or testimony.

The appellees' first assignment of error is overruled.

The appellees' second assignment of error:

"In its *sua sponte* (*sic*) referring the entire matter below to arbitration to be conducted by the Cleveland Bar Association, the trial court erred insofar as said referral was done in contravention of Local Rule 29 of the Cuyahoga County Court of Common Pleas, in both form and content."

Based upon this court's ruling on the appellants' assignment of error, the appellees' second assignment of error is moot pursuant to App.R. 12.

Judgment reversed as to the order of arbitration and affirmed in all other regards. Case remanded for further proceedings.

*Judgment accordingly.*

O'DONNELL, P.J., and SPELLACY, J., concur.