OPINION
In this accelerated calendar case submitted on the briefs of the parties, appellant, Gretchen Watjen, appeals the judgment of the Geauga County Court of Common Pleas, Probate Division, denying her motion for a temporary restraining order without a hearing.
On December 28, 1999, Margaret A. Webber Georskey ("the decedent") died. Subsequently, the decedent's will was admitted to probate on January 3, 2000. According to the will, the decedent named her six children, including appellant and appellee, Adoree C. Georskey, as beneficiaries.[1] In addition, appellee was appointed the executrix of her mother's estate.
On June 12, 2000, appellant filed a motion for a temporary restraining order in an attempt to prohibit the estate from selling the decedent's home. In this motion, appellant explained that there was a family meeting during which all the individuals present, including appellee, orally agreed that appellant would be permitted to purchase her mother's home. In reliance upon this alleged agreement, appellant claimed she "secured the necessary financing to complete the purchase" but later learned that appellee had executed a purchase agreement with her twin brother.
Upon consideration, the probate court denied appellant's motion for a temporary restraining order. In its judgment entry, the probate court noted that this judgment "may be an `appealable' order." (Emphasis in the original.)[2]
From this judgment, appellant now sets forth a single assignment of error for our consideration:
 "The trial court erred to the prejudice of Movant-Appellant in denying her Motion for a Temporary Restraining Order without first conducting a Hearing."
 Before we can address the merits of this appeal, we must consider a preliminary issue. Specifically, appellee has raised the question in her appellate brief of whether the denial of appellant's motion for a temporary restraining order constitutes a final appealable order.
It is well-settled that the granting of a motion for a temporary restraining order generally is not a final appealable order. State exrel. Tollis v. Cuyahoga Cty. Court of Appeals (1988), 40 Ohio St.3d 145,148; Van Camp v. Riley (1984), 16 Ohio App.3d 457, 459; Cavanaugh v.Sealey (Jan. 23, 1997), Cuyahoga App. Nos. 69907, 69908, and 69909, unreported, 1997 WL 25521, at 2; Childs v. Kelley (Jan. 23, 1991), Hamilton App. No. C-890468, unreported, 1991 WL 6360, at 4; Kroger Co.v. Cleve/Lorain, Inc. (Aug. 29, 1985), Cuyahoga App. No. 49319, unreported, 1985 WL 8600, at 2.
The rationale behind this determination is that a temporary restraining order is provisional in nature and employed to preserve the status quo of a case pending a request for a preliminary or permanent injunction.Tollis at 148; Childs at 4; Kroger at 1. See, also, Staff Notes to Civ.R. 65.
However, in the instant matter, we are concerned with the denial of a motion for a temporary restraining order. A review of the final order statute suggests that the denial of a motion for a temporary restraining order, which meets the requirements of R.C. 2505.02(B)(4)(a) and (b), may be a final appealable order.[3] Nevertheless, even if we assumearguendo that the trial court's decision to deny appellant's motion for a temporary restraining order is a final appealable order, we would still affirm the judgment of the probate court.
In her lone assignment of error, appellant urges that the probate court "did not meet the procedural requirements of Civil Rule 65" and abused its discretion when the court failed to hold an evidentiary hearing at which evidence might be offered in support of her motion.[4]
Upon examining appellant's motion for a temporary restraining order, we determine that the probate court did not abuse its discretion in failing to hold a hearing before issuing its decision. See Hohmann, Boukis Curtis Co., L.P.A. v. Brunn Law Firm Co., L.P.A. (2000),138 Ohio App.3d 693, 698-699 (holding that "[a] close reading of this section of the rule reveals that there is no requirement for any hearing on a [temporary restraining order].").[5]
A review of the instant motion reveals that appellant failed to allege any recognized legal right to the decedent's home. There was no dispute that, at best, appellant had only an oral contract. According to the motion, "[t]here was a family meeting, during which it was agreed by all persons present, including [appellee] that [appellant] would be permitted to purchase the [decedent's] property * * *." However, the statute of frauds requires that a contract involving the transfer of real estate be in writing. See R.C. 1335.04 and 1335.05. Appellant alleged no recognized exception to the statute of frauds in her motion.
Furthermore, appellant failed to set forth facts to establish that "immediate and irreparable injury, loss or damage [would] result" if appellee proceeded with the sale of the land. See, e.g., State ex rel.Eckstein v. Video Express (1997), 119 Ohio App.3d 261, 270; State v.Ramey (Sept. 3, 1999), Clark App. No. 99CA0002, unreported, 1999 WL 957650, at 8; Inc. Village of Octa v. Interstate Adult Arcade (Oct. 17, 1994), Fayette App. No. CA94-04-002, 1994 WL 562006, at 4.
Accordingly, we hold that a trial court is not required to conduct a hearing on a motion for temporary restraining order when the applicant ignores the requirements of Civ.R. 65(A) and fails to assert a legal right or set forth facts to demonstrate that "immediate and irreparable injury, loss or damage [would] result * * *."
Based on the foregoing analysis, appellant's single assignment of error is without merit, and the judgment of the probate court is, hereby, affirmed.
 ____________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] Appellant and appellee are sisters.
[2] Appellant filed a motion for reconsideration, which was subsequently denied by the probate court. Two observations can be made with regard to this motion. First, the Ohio Rules of Civil Procedure do not provide for a motion for reconsideration after a final judgment has been rendered. Therefore, such a motion, along with any judgment enmanting therefrom, is a nullity. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus; Chester Twp. v.Fraternal Order of Police, Ohio Labor Council, Inc. (1995),102 Ohio App.3d 404, 408. Second, even if the probate court were able to consider the motion for reconsideration, the e-mail correspondences attached to this motion are irrelevant. While the e-mail messages concerned the alleged oral family agreement to purchase the decedent's home, the correspondences were between appellant and her brother, Robert J. Watjen, Jr. Consequently, appellant failed to provide evidence of a writing sufficient to satisfy the statute of frauds.
[3] Pursuant to R.C. 2505.02(B)(4)(a) and (b), an order is "final" if it (1) grants or denies a provisional remedy; (2) determines the action with respect to the provisional remedy and prevents judgment in favor of the appealing party with respect to the provisional remedy; and (3) the appealing party would not have a meaningful or effective remedy on appeal after a final judgment in the case. A "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3).
We further note that the "special proceedings" portion of the final order statute is not applicable to the instant matter as a temporary restraining order can be considered a provisional remedy under the statute. See, generally, Polikoff v. Adam (1993), 67 Ohio St.3d 100;Amato v. Gen. Motors Corp. (1981), 67 Ohio St.2d 253.
[4] Although appellant contends that "[t]he only relevant issue [on appeal] is that the [trial court] denied the [motion for a temporary restraining order] without granting her a [h]earing," this issue cannot be properly determined without examining the contents of appellant's motion.
[5] As an aside, we note that Hohmann addresses itself to an instance where factual issues relevant to the adjudication were in dispute.