DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Respondent-Appellant Oster Construction, Inc., has appealed from the judgment of the Lorain County Court of Common Pleas which denied its motion to vacate and confirmed an arbitration award. This Court reverses and enters judgment in favor of Appellant.
 I {¶ 2} Claimant-Appellees Raymond Angie Lowe, Phil Rebecca Bova, Tom Gardner, Mildred Gilly, Evan Sandra Rictor, Chris 
Holly Peresta, and Dick Alice Hogue filed a demand for arbitration against Appellant on September 20, 2004. In their demand, Appellees alleged that they bought their homes based upon representations made by Appellant that a twenty to twenty-five foot tree line would be maintained on the property adjacent to their individual lots. Appellees filed their demand when Appellant removed that tree line.
 {¶ 3} On April 26, 2005, the arbitrator took evidence from the parties. Appellees Raymond Lowe, Alice Hogue, Evan Rictor, Phil Bova, and Mildred Gilly presented testimony. Each Appellee testified that sales representatives of Appellant, namely Mechele Nally and Nicole Rollins, informed them that a tree barrier would be maintained on the south side of their lots. Each Appellee testified that the tree line was one of the reasons he or she decided to purchase his or her lot. In addition, Nally and Rollins testified. Both testified that they informed Appellees that generally the developer tried to preserve tree lines and that they never promised Appellees that the tree line would remain. Finally, Tom Oster, the President of Oster Construction, Inc., testified. Oster indicated that his company nearly always removed the tree line because building new homes required running sewer and utility lines, the placement of which would inevitably kill the existing tree line.
 {¶ 4} Following the hearing, the arbitrator awarded damages to Appellees totaling $43,767.50. The arbitrator's damage award relied upon estimates provided by Appellees for the cost of replacing the tree line with a comparable tree line that would be located on Appellees' properties. Appellant timely moved to vacate the arbitration award, filing its motion on August 26, 2005. In its motion, Appellant alleged that the arbitrator had exceeded the scope of his authority, had awarded damages to parties who had presented no evidence, and had utilized an improper measure of damages. On October 13, 2005, the trial court denied Appellant's motion to vacate and confirmed the award. Appellant has timely appealed, raising one assignment of error for review.
 II Assignment of Error
"THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO VACATE, MODIFY AND/OR CORRECT THE ARBITRATION AWARD, AND WHEN IT CONFIRMED THE AWARD, AS THE ARBITRATOR EXCEEDED HIS POWERS."
 {¶ 5} In its sole assignment of error, Appellant has asserted that the trial court erred in confirming the arbitration award. Specifically, Appellant has argued that the arbitrator exceeded the scope of his authority and issued a decision that was contrary to law.
 {¶ 6} Ohio courts give deference to arbitration awards and presume they are valid. Findlay City School Dist. Bd. of Edn. v.Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus, superseded by statute on other grounds (1991),61 Ohio St.3d 658. See, also, Gingrich v. Wooster (Jan. 10, 2001), 9th Dist. No. 00CA0032, at *5. When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator. Id.
 {¶ 7} A trial court's ability to review an arbitration award is governed by R.C. 2711. Warren Edn. Assn. v. Warren City Bd.of Edn. (1985), 18 Ohio St.3d 170, 173. A trial court's review is rather limited as it is precluded from reviewing the actual merits upon which the award was based. Ford Hull-Mar NursingHome, Inc. v. Marr, Knapp, Crawfis Assoc., Inc. (2000),138 Ohio App.3d 174, 179. However, the court may vacate an award if the panel exceeds its powers or imperfectly executes them. R.C.2711.10(D). This Court has previously explained that "[m]ere error in the interpretation or application of the law will not suffice [to vacate an arbitration award]. The arbitrators' decision must `fly in the face of clearly established legal precedent' to support a vacation of the award." AutomatedTracking Systems, Inc. v. Great American Ins. Co. (1998),130 Ohio App.3d 238, 244, quoting Merrill Lynch, Pierce, Fenner Smith, Inc. v. Jaros (C.A.6, 1995), 70 F.3d 418, 421. See, also,Communication Workers of Am., Local #4546 v. Summit Cty.Children Servs. Bd. (Mar. 31, 1999), 9th Dist. No. 19122, at *2. An arbitrator exceeds his power when an award fails to draw its essence from the agreement of the parties. Gingrich, supra, at *5, citing Ohio Office of Collective Bargaining v. Ohio CivilService Employees Assn., Local 11, AFSCME, AFL-CIO (1991),59 Ohio St.3d 177, 179-80. This occurs when there is an absence of "a rational nexus between the agreement and the award," or when the award is "arbitrary, capricious, or unlawful." Gingrich,
supra, at *5, citing Findlay City School Dist. Bd. of Edn.,49 Ohio St.3d at 132.
 {¶ 8} An appeal may be taken from a trial court order that confirms, modifies, corrects, or vacates an arbitration award.Warren Edn. Assn., 18 Ohio St.3d at 173-74, quoting Lockhartv. American Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101. However, an appellate court may only review the lower court's order to discern whether an error as a matter of law occurred.Union Twp. Bd. of Trustees v. Fraternal Order of Police, OhioValley Lodge No. 112, 146 Ohio App.3d 456, 459, citing McFaulv. UAW Region 2 (1998), 130 Ohio App.3d 111, 115.
 {¶ 9} Appellant has alleged that numerous grounds exist that justify vacating the arbitration award. We separately address each of Appellant's claims.
1. Scope of Arbitration
 {¶ 10} Appellant has first asserted that the dispute at issue was not within the scope of the parties' arbitration clause. We find that such an argument lacks merit.
 {¶ 11} Initially, this Court notes that it is doubtful that Appellant may even raise an argument regarding the scope of the arbitration clause. Ohio courts are: "generally in accord with the clear weight of authority in other jurisdictions holding that a party who allows a dispute to go to arbitration and voluntarily participates in arbitration proceedings, without objection or challenge to the authority, jurisdiction or power of the arbitrator to resolve a particular dispute, is deemed to have consented to the arbitration and is estopped from contesting the arbitrator's authority after suffering an adverse arbitration award." Cty. of Summit v. City of Cuyahoga Falls, 9th Dist. No. 21799, 2004-Ohio-1879, at ¶ 9, quoting Huffman v. Huffman, 10th Dist. Nos. 02AP-101 and 02AP698, 2002-Ohio-6031, at ¶ 26. See, also, Creatore v. Robert W. Baird Co., 154 Ohio App.3d 316,2003-Ohio-5009, at ¶ 10.
Under the doctrine of estoppel, a party is prevented from taking "two bites of the same apple," i.e., a party is not able to submit the matter for arbitration and then assert that an arbitrator lacks authority to hear the issues in the event that an adverse award is rendered. Creatore at ¶ 12, quoting E.SGallon Co., L.P.A. v. Deutsch (2001), 142 Ohio App.3d 137, 141. As the record before this Court indicates that Appellant consented to the arbitration without objection, Appellant is estopped from asserting that the arbitrator lacked the authority to resolve the parties' dispute.
 {¶ 12} Assuming arguendo that Appellant may challenge the arbitrator's authority, such an argument lacks merit. The parties' arbitration clause reads in pertinent part as follows:
"Any controversy regarding this Agreement, or the interpretation thereof, or any claim arising out of the construction of the Residence or the Premises, shall be settled and resolved by arbitration[.]" (Emphasis added.) This Court has previously held that a claim that a party was fraudulently induced to sign a contract is arbitrable. Terry v. Bishop Homesof Copley, Inc., 9th Dist. No. 21244, 2003-Ohio-1468, at ¶ 22-24.
"Thus, in instances where a party concedes that it willingly manifested assent to a contract that includes an arbitration clause, but claims that it was induced to do so by fraud, mistake, or duress, * * * or that some other circumstance justifies that party in seeking to avoid the contract, * * * that party's claim is simply a defense to arbitrability that is itself arbitrable." (Quotations omitted; alterations sic.) Id. at ¶ 22, quoting Duryee v. Rogers (Sept. 23, 1999), 10th Dist. Nos. 98AP-1255, 98AP-1256, at *7.
Based upon the broad language utilized by the parties, "[a]ny controversy regarding this Agreement," and the fact that the parties willingly entered into a contract, Appellees' claims that they were fraudulently induced into doing so were arbitrable. Accordingly, Appellant's assertion that the arbitrator exceeded the scope of his authority lacks merit.
2. Arbitrator's Award Did Not Derive Its Essence FromAgreements
 {¶ 13} Appellant has asserted that the arbitrator's award did not derive its essence from the parties' written agreements. Specifically, Appellant has alleged that the arbitrator's award failed to apply Ohio law and therefore was arbitrary or capricious.
 {¶ 14} Fraudulent inducement occurs when a party is induced to enter into an agreement through fraud or misrepresentation. AMBFarms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 502. "The fraud relates not to the nature or purport of the [contract], but to the facts inducing its execution * * *." Id. quoting Haller v.Borror Corp. (1990), 50 Ohio St.3d 10, 14. In order to succeed on a claim of fraudulent inducement, "a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." Id. citing Beer v. Griffith (1980), 61 Ohio St.2d 119, 123.
A. Failure to Present Evidence
 {¶ 15} In its brief, Appellant has asserted that the arbitrator erred in awarding damages to Appellees who did not participate in the arbitration proceedings. We agree.
 {¶ 16} In his award, the arbitrator awarded damages to Thomas Gardner in the amount of $4,270 and to Chris and Holly Peresta in the amount $6,938.75. Neither Gardner nor the Perestas presented any evidence at the arbitration hearing. Accordingly, the arbitrator heard no evidence that Appellant made any false representations to these individuals and heard no evidence that these individuals had relied upon those representations. To the extent they were awarded damages, therefore, such an award flies in the face of legal precedent and is erroneous as a matter of law.
B. Remaining Claimants
 {¶ 17} With respect to the claimants who submitted evidence to the arbitrator, Appellant has argued that they failed to prove the elements of their cause of action and that the arbitrator used an improper measure of damages. We agree that the arbitrator erred in his award of damages.
 {¶ 18} Appellees Raymond Lowe, Alice Hogue, Philip Bova, Mildred Gilly and Evan Rictor each presented evidence to the arbitrator. Each Appellee asserted that sales representatives for Appellant, namely Mechele Nally and Nicole Rollins, made false representations regarding the then-existing tree line. Each asserted that the sales representatives unequivocally stated that a tree barrier of twenty to twenty-five feet would be maintained between the Appellees' property and new phases of the development. Appellant has urged that "appellees had no right to rely upon the appellant's agents ['] predictions and/or opinions of future events[.]" Contrary to Appellant's assertion on appeal, nothing in the record indicates that the sales representatives were making predictions about the future. Each Appellee testified that the sales representatives were definite in their statements that the tree line would remain. Appellees asserted that they would not have purchased their lots but for the representations made by Nally and Rollings. Furthermore, it is undisputed that such a tree line was not maintained.
 {¶ 19} On appeal, Appellant has also asserted that the trees were not located on Appellees' properties, so Appellees could not rely on any representation regarding those trees. Additionally, Appellant has maintained that the doctrine of caveat emptor defeats Appellees' claims. We disagree with both of Appellant's assertions.
 {¶ 20} It is undisputed that the decision whether to keep a tree barrier rested solely with Appellant. Appellant's agents represented to prospective purchasers that the current tree line would be maintained. Appellant has cited no authority, and this Court has found no authority, that would require the misrepresentation relied upon by Appellees to relate to their real estate. Rather, Appellees properly asserted that they would not have purchased their real estate, but for misrepresentations regarding the surrounding real estate. Accordingly, the fact that the tree barrier was not located on Appellees' properties does not serve as a barrier to recovery.
 {¶ 21} Additionally, Appellant has alleged that the doctrine of caveat emptor defeats Appellees' claim. Specifically, Appellant has argued that Appellees' reliance was not justifiable because plots which had been filed with the appropriate city offices indicated that the tree line would not remain intact. Effectively, Appellant would require Appellees to obtain a plot of the entire development rather than relying up the representations made by Appellant's agents. To achieve this result, Appellant has relied upon Traverse v. Long (1956),165 Ohio St. 249. Long, however, dealt with alleged misrepresentations regarding the condition of real estate. In denying recovery, the Court found that "[t]he principle of caveat emptor applies to sales of real estate relative to conditions open to observation." Id. at 252. Long did not purport to create an obligation that a purchaser must investigate every publicly recorded document in order to prevail on a claim of fraudulent inducement. Upon review, this Court has found no authority that would require a purchaser of real estate within a development to examine and understand the intricacies of the recorded plot for the overall development. Herein, Appellees justifiably relied upon the representations of Appellant's agents regarding the future of the trees in the development. Accordingly, Appellant's argument regarding caveat emptor lacks merit.
C. Measure of Damages
 {¶ 22} Generally, the proper measure of damages in an action for fraudulent inducement to enter a contract for the sale of realty is the difference between the value of the property as represented and the actual value of the property at the time of the sale. Molnar v. Beriswell (1930), 122 Ohio St. 348, paragraph one of the syllabus; R.A. Elder Co. v. Shoffstal
(1914), 90 Ohio St. 265; Linerode v. Rasmussen (1900),63 Ohio St. 545. We recognize that such a general measure of damages is altered in the context herein. Based upon the nature of Appellant's alleged misrepresentation, the general measure of damages would be calculated as the difference between the value of the property at purchase with a tree barrier and the value of the property at the time of purchase without a tree barrier. Appellant has concluded that since Appellees did not present evidence as to the actual value of their lots without a tree barrier, they have failed to prove damages that are cognizable under Ohio law. In contrast, Appellees have relied upon the following measure of damages:
"When difference in value is especially difficult or impossible to prove, the plaintiff in fraud may present evidence of costs incurred to repair or restore the property to the represented condition as a reasonable estimate of the same." Shepherd v.Shea (Oct. 25, 1995), 9th Dist. No. 17090, at *7 citingDziedzicki v. Bonafine (Dec. 16, 1992), 9th Dist. No. 15597, at *2-3.
Appellees have asserted that they properly demonstrated that an alternative measure of damages was required to fully compensate them for their losses. Appellees, however, presented no evidence that it was difficult or impossible to measure the diminution in value of their properties. Accordingly, the rule announced inShepherd is inapplicable.
 {¶ 23} "In order to determine the diminution in value of the property, the party seeking restoration costs bears the burden of establishing the diminution in the property's fair market value."Bartholet v. Carolyn Riley Realty, Inc. (Aug. 1, 2001), 9th Dist. No. 20458, at *1, citing Reeser v. Weaver Bros. (1992),78 Ohio App.3d 681, 691. "The party seeking restoration costs isrequired to present evidence of the diminution in the fair market value of their property before and after the injury." (Emphasis added.) Id. Previously, "this court recognized that evidence of subsequent fair market value of the land isessential when determining the measure of damages regarding the loss of trees or shrubbery." (Emphasis added.) Kapcsos v.Hammond (1983), 13 Ohio App.3d 140, 141. Without evidence of the diminution in value, the trier of fact cannot determine that the diminution in value will not fully compensate the aggrieved party; i.e., a trier of fact cannot determine that an alternative measure of damages is appropriate without first examining the primary measure of damages. Denoyer v. Lamb (1984),22 Ohio App.3d 136, 139 (finding that the "cardinal rule of the law of damages is that the injured party shall be fully compensated"). It is undisputed that Appellees did not present evidence regarding the diminution in value of their real property. Accordingly, they are precluded from recovering restoration costs. The arbitrator's award permitting such recovery, therefore, flies in the face of this Court's precedents. Appellant's argument regarding the measure of damages has merit.
 {¶ 24} The awards to Appellees Thomas Gardner and Chris and Holly Peresta were erroneous as a matter of law as they failed to submit any evidence in support of their damage claims. The awards to the remaining Appellees were erroneous as a matter of law as the arbitrator utilized the wrong measure of damages. Accordingly, Appellant's sole assignment of error has merit.
 III {¶ 25} Appellant's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, the arbitrator's award is vacated, and judgment is hereby entered in favor of Appellant on Appellees' claims for damages.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Slaby, P.J., Moore, J., concur.