[Cite as *Linnen Co., L.P.A. v. Roubic*, 2013-Ohio-1022.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LINNEN CO., L.P.A., et al.

    Appellants

    v.

MELISSA R.V. ROUBIC, et al.

    Appellees

C.A. No.     26494

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2011-09-5399

DECISION AND JOURNAL ENTRY

Dated: March 20, 2013

BELFANCE, Judge.

{¶1}   Plaintiffs-Appellants Linnen Co., L.P.A. and Jerome T. Linnen, Jr. (collectively "Linnen") appeal from the decisions of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2}   Beginning around 2005, Defendants-Appellees Melissa R.V. Roubic and Roubic Law Offices, L.L.C. (collectively "Roubic") began referring clients with personal injury legal issues to Linnen. Ms. Roubic believed that she and her law firm would receive 50% of all attorney fees received by Linnen for work done on matters she referred to Linnen. Ms. Roubic believed that she had discretion to determine which clients to refer to Linnen. Linnen believed that Roubic would receive up to 50% of all fees only if Roubic referred all potential clients seeking representation regarding personal injury matters to Linnen.

{¶3} In 2010, it became clear to Linnen that Ms. Roubic and her law firm were not referring all clients with personal injury matters to Linnen. In March 2011, Roubic filed a complaint and request for fee arbitration before the Akron Bar Association ("ABA") with respect to fees that Roubic claimed Linnen owed Ms. Roubic based upon Linnen's representation of three clients. An additional client's complaint concerning a similar issue was referred to the ABA. The ABA concluded it had authority to hear the matter, held hearings over two days, and ultimately issued a decision finding in favor of Roubic and awarding Roubic $117,180.46 plus interest. Roubic filed a motion to confirm the award in the Summit County Court of Common Pleas, and Linnen moved to vacate the award.

{¶4} Prior to the ABA arbitration hearing, Linnen filed a three-count complaint under a separate case number in the Summit County Court of Common Pleas, seeking a declaration that there was no fee sharing agreement and that, if there was one, it was void for violating DR 2-107 and/or Prof.Cond.R. 1.5.[1] In addition, in count three, Linnen, based upon a theory of unjust enrichment, sought in excess of $140,000 for attorney fees that Linnen had paid to Roubic. Linnen alleged that Roubic had been unjustly enriched because the parties did not actually have a binding agreement for Linnen to share 50% of the fees generated from cases referred by Roubic. Ultimately, the matter concerning the confirmation of the arbitration award was consolidated with Linnen's complaint seeking a declaratory judgment and damages.

{¶5} Roubic filed a motion to dismiss Linnen's complaint pursuant to Civ.R. 12(B)(6), asserting that Linnen was trying to reargue the issues decided at the arbitration and attached to the motion the arbitration award. The trial court gave the parties notice that it was converting the motion to dismiss to a motion for summary judgment and gave the parties time to brief the

---

[1] In 2007, the Supreme Court of Ohio adopted Prof.Cond.R. 1.5, replacing DR 2–107. The language of DR 2-107(B) mirrors that of Prof.Cond.R. 1.5(f).

issues. Linnen filed a motion to modify the briefing schedule to permit discovery. The trial court overruled his motion, noting that Linnen had failed to file an affidavit as required by Civ.R. 56(F) and that the discovery sought would have no bearing on the determination of whether the trial court had jurisdiction to hear Linnen's complaint. Linnen then filed a motion for reconsideration and submitted an affidavit. Ultimately, the trial court granted Roubic's motion for summary judgment, concluded that it lacked jurisdiction over Linnen's claims, and dismissed the complaint.

{¶6} Thereafter, the parties briefed the issues surrounding the confirmation or vacation of the arbitration award. The trial court confirmed the award. Mr. Linnen and his law firm have appealed, raising six assignments of error for our review, which we have rearranged to facilitate our review.

## II.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED ERROR BY FAILING TO MAKE A DETERMINATION, AS REQUIRED BY OHIO R.C. []2711.10(A), ON WHETHER ROUBIC PROCURED THE ABA ARBITRATION AWARD THROUGH THE USE OF FRAUD.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED ERROR BY FAILING TO VACATE THE ABA ARBITRATION AWARD PURSUANT TO OHIO R.C. []2711.10(C) UPON DEMONSTRATION THAT THE ABA ARBITRATORS WERE GUILTY OF MISCONDUCT IN REFUSING TO POSTPONE THE HEARING, UPON SUFFICIENT CAUSE SHOWN.

ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED ERROR BY FAILING TO VACATE THE ABA ARBITRATION AWARD PURSUANT TO OHIO R.C. []2711.10(C) UPON DEMONSTRATION THAT THE ABA ARBITRATORS WERE GUILTY OF MISBEHAVIOR, BY FAILING TO FOLLOW THE RULES ESTABLISHED BY THE TRUSTEES OF THE ABA[.]

ASSIGNMENT OF ERROR VI

THE TRIAL COURT COMMITTED ERROR BY FAILING TO VACATE THE ABA ARBITRATION AWARD PURSUANT TO OHIO R.C. []2711.110(D) UPON DEMONSTRATION THAT THE ABA ARBITRATORS EXCEEDED THEIR POWERS, OR SO IMPERFECTLY EXECUTED THEM THAT A MUTUAL, FINAL, AND DEFINITE AWARD UPON THE SUBJECT MATTER SUBMITTED WAS NOT MADE.

{¶7} Mr. Linnen and his law firm assert in their third through sixth assignments of error that the trial court erred in failing to vacate the arbitration award pursuant to R.C. 2711.10. We do not agree.

{¶8} Although Chapter 2711 of the Ohio Revised Code applies to arbitration arising by virtue of a contractual agreement, *see* R.C. 2711.01, we note that both parties and the trial court have proceeded under the notion that Chapter 2711 also applies to matters involving *non-contractual* fee dispute arbitration. Given that neither side has raised that issue in this appeal, we will assume for purposes of this appeal that Chapter 2711 is applicable to this matter.

{¶9} "Ohio courts give deference to arbitration awards and presume they are valid." (Internal quotations and citations omitted.) *Ward v. Ohio State Waterproofing,* 9th Dist. No. 26203, 2012-Ohio-4432, ¶ 7. "A trial court's ability to review an arbitration award is governed by R.C. 2711. A trial court's review is rather limited as it is precluded from reviewing the actual merits upon which the award was based." (Internal citations omitted.) *Lowe v. Oster Homes,* 9th Dist. No. 05CA008825, 2006-Ohio-4927, ¶ 7. "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order

vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." R.C. 2711.13.

> [T]he court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

R.C. 2711.10. "An appeal may be taken from a trial court order that confirms, modifies, corrects, or vacates an arbitration award. R.C. 2711.13. However, an appellate court may only review the lower court's order to discern whether an error occurred as a matter of law." *Lauro v. Twinsburg,* 9th Dist. No. 23711, 2007-Ohio-6613, ¶ 7.

{¶10} Mr. Linnen and his firm asserted in their memorandum in support of their motion to vacate the arbitration award that the award should be vacated pursuant to R.C. 2711.10(A), (C), and (D). In the trial court and on appeal, they argue that the trial court erred in failing to vacate the award because (1) it was procured by fraud, R.C. 2711.10(A); (2) the arbitrators were guilty of misconduct in failing to postpone the hearing, R.C. 2711.10(C); (3) the arbitrators were guilty of misbehavior by failing to follow the ABA rules, R.C. 2711.10(C); and (4) the arbitrators exceeded their powers. R.C. 2711.10(D).

**R.C. 2711.10(D)**

{¶11} We begin with a discussion of Linnen's last argument. Mr. Linnen and his law firm assert that the ABA lacked authority to conduct the arbitration because the ABA's authority

to arbitrate was limited to fee disputes arising under Rule 1.5 of the Professional Rules of Conduct and the dispute at issue did not arise under Rule 1.5.

{¶12} Lawyers who are not in the same firm may permissibly divide fees only if they comply with the requirements of Prof.Cond.R. 1.5(e). Prof.Cond.R. 1.5(e) provides that:

> Lawyers who are not in the same firm may divide fees only if all of the following apply:
>
> (1) the division of fees is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation and agrees to be available for consultation with the client;
>
> (2) the client has given written consent after full disclosure of the identity of each lawyer, that the fees will be divided, and that the division of fees will be in proportion to the services to be performed by each lawyer or that each lawyer will assume joint responsibility for the representation;
>
> (3) except where court approval of the fee division is obtained, the written closing statement in a case involving a contingent fee shall be signed by the client and each lawyer and shall comply with the terms of division (c)(2) of this rule;
>
> (4) the total fee is reasonable.

(Emphasis deleted.)

{¶13} Prof.Cond.R. 1.5 also contains a provision for the arbitration of fee disputes between lawyers. Prof.Cond.R. 1.5(f) states that:

> [i]n cases of a dispute between lawyers *arising under this rule*, fees shall be divided in accordance with the mediation or arbitration provided by a local bar association. When a local bar association is not available or does not have procedures to resolve fee disputes between lawyers, the dispute shall be referred to the Ohio State Bar Association for mediation or arbitration.

(Emphasis added.)

{¶14} Mr. Linnen and his law firm maintain that fee disputes do not "arise under" Rule 1.5 unless the lawyers have complied with Prof.Cond.R. 1.5(e). They reason that absent evidence of compliance with the fee sharing requirements contained in Prof.Cond.R. 1.5(e), there is no dispute that can be deemed to "aris[e] under th[e] rule[.]" As a result, the arbitrators

exceeded their powers because they had no authority to conduct the arbitration, and, hence, the award is subject to vacation pursuant to R.C. 2711.10(D).

{¶15}  The trial court concluded that the ABA panel had authority to decide the issues before it.  "The language in R.C. 2711.10(D) reflects the General Assembly's concern that arbitrators operate only within the bounds of the authority granted them within [the] underlying agreement."  (Internal quotations and citation omitted.)  *Citibank South Dakota, N.A. v. Wood,* 169 Ohio App.3d 269, 2006-Ohio-5755, ¶ 33 (2d Dist.).  Generally, "[i]n determining whether an arbitrator has jurisdiction to determine an issue, one must look to the provision in the contract that authorizes the arbitration; the arbitrator's authority is derived solely from the contract.  The arbitrator does not have the power to decide issues that the parties have not, by their contract, submitted to arbitration."  (Internal quotations and citations omitted.)  *Id.* at ¶ 34.  Of course, this matter is different than the typical arbitration scenario because the parties do not have a contract authorizing arbitration and defining its scope.  Instead, the local bar associations, such as the ABA, possess the authority to arbitrate fee disputes pursuant to Prof.Cond.R. 1.5(f).  *See Shimko v. Lobe*, 103 Ohio St.3d 59, 2004-Ohio-4202, ¶ 26, 63, 65.

{¶16}  In *Shimko,* the Ohio Supreme Court considered the constitutionality of former DR 2-107(B) which required the arbitration of fee disputes between lawyers who are not in the same firm.  The Supreme Court upheld the constitutionality of mandatory arbitration and, in so doing, had occasion to discuss the contours and breadth of the rule.  The Court pointed out that it alone had "the power and responsibility to admit and discipline persons admitted to the practice of law, to promulgate and enforce professional standards and rules of conduct, and to otherwise broadly regulate, control, and define the procedure and practice of law * * * ."  *Id.* at ¶ 15.  The Court stated that, "no person has a right to practice law, but that the practice of law is an extraordinary

privilege bestowed by [the Supreme Court] upon one who meets the qualifications for admission and continues to maintain the standard of ethical conduct as prescribed by the rules of the court." *Id.* at 54. The Court noted that "compensation for advocacy has never been treated as an ordinary debt or contractual right, but has since antiquity been regulated by the prevailing governmental authority possessing the power to control the practice of law." *Id.* at ¶ 47. To that end, rules governing lawyers contain a broad range of mandatory rules limiting the attorney's pursuit of legal fees. *Id.* at ¶ 16-22. In keeping with its authority over the regulation of the practice of law, a licensed attorney's obligation to abide by the Rules of Professional Conduct in order to practice law in Ohio, "gives the mediators or arbitrators their authority to resolve the fee disputes." (Internal quotations and citation omitted.) *Id.* at ¶ 65. Former DR 2-107(B), now embodied in Prof.Cond.R. 1.5(f), authorizes local bar associations to provide "the arbitral machinery for determining a fee dispute between attorneys from different firms * * *." *Id.* at ¶ 63.

{¶17} Thus, on the face of the matter, it would appear that the trial court did not err in determining that the ABA did not exceed its authority in finding it had authority to hear the matter. There is no question that Ms. Roubic and Mr. Linnen, attorneys from different firms, had a fee dispute that the ABA arbitrated. Linnen's main contention is that a fee dispute cannot be deemed to arise under Prof.Cond.R. 1.5 unless there has been compliance with Prof.Cond.R. 1.5(e). While Linnen's position finds support in pre-*Shimko* case law, *see, e.g., Schroeder v. DeVito*, 136 Ohio App.3d 610 (8th Dist.2000), we conclude that the same analysis cannot be employed in light of the principles enunciated in *Shimko. See Bauer v. White,* 11th Dist. No. 2011-T-0071, 2012-Ohio-1135, ¶ 23-25. Essentially, Mr. Linnen and his law firm suggest a more narrow interpretation of the phrase "arising under this rule." Prof.Cond.R. 1.5(f).

However, this interpretation is at odds with the purpose of the rule. The *Shimko* Court stated that "the salient purpose of the rule is to prevent litigation of disputes between lawyers over the division of fees[.]" *Shimko*, 103 Ohio St.3d 54, 2004-Ohio-4202, at ¶ 26. If the purpose of the rule is to prevent litigation of fee disputes and mandate mediation or arbitration, then taking Linnen's position undermines the purpose of the rule. Further, we find it difficult to conclude that a fee dispute can never "aris[e] under" a rule if the rule is not technically complied with in its entirety. While the failure to comply with Prof.Cond.R. 1.5(e) may have additional consequences, that failure does not negate the existence of a fee dispute. In this case, even if the lawyers did not comply with all of their professional obligations under the fee sharing rule, it is evident that their dispute is over the division of fees. Certainly if the Supreme Court of Ohio had intended to limit arbitration of fee disputes to fee agreements that complied fully with Prof.Cond.R. 1.5(e), it could have explicitly stated so in Prof.Cond.R. 1.5(f) given its rule-making authority. Moreover, there is no suggestion of any limitation concerning arbitration in *Shimko* itself. In light of the foregoing, we overrule Linnen's sixth assignment of error.

**R.C. 2711.10(A) and (C)**

{¶18} Mr. Linnen and his law firm assert in their third assignment of error that the trial court erred in failing to consider their argument that Roubic procured the award via fraud, and, thus, the award should have been vacated pursuant to R.C. 2711.10(A). Mr. Linnen and his law firm assert in their fourth assignment of error that the trial court erred in failing to vacate the arbitration award pursuant to R.C. 2711.10(C) because the arbitrators failed to continue the hearing. In their fifth assignment of error, Mr. Linnen and his law firm argue that the trial court erred in failing to vacate the arbitration award pursuant to R.C. 2711.10(C) because the ABA failed to follow its rules. We do not agree.

{¶19} Notably, the arbitration proceedings were not transcribed. Thus, they were not available for this Court or the trial court to review, and our review is thereby limited. *See Bennett v. Sunnywood Land Dev., Inc.,* 9th Dist. No. 06CA0089-M, 2007-Ohio-2154, ¶ 32. We also note that the trial court was precluded from reviewing the merits upon which the award was based. *Lowe*, 2006-Ohio-4927, ¶ 7.

{¶20} With respect to Linnen's third assignment of error and the assertion that the arbitration award was procured via fraud, we agree with the trial court that this argument is not reviewable absent a transcript of the proceedings. While Mr. Linnen and his firm submitted the allegedly fraudulent affidavits that were submitted to the arbitration panel, along with evidence that they assert demonstrates the fraud, absent a transcript of all of the evidence before the arbitration panel, it is impossible to evaluate Linnen's claim. *See Bennett* at ¶32. Given that Mr. Linnen and his law firm claim that Ms. Roubic perpetrated a fraud upon the arbitration panel, consideration of Ms. Roubic's testimony to the arbitration panel would be important in evaluating his assertion. Accordingly, we overrule Linnen's third assignment of error.

{¶21} Mr. Linnen and his firm assert in their fourth assignment of error that that the trial court erred in failing to vacate the arbitration award pursuant to R.C. 2711.10(C) because the arbitrators failed to continue the hearing. We cannot say that, as a matter of law, the trial court erred in failing to vacate the award for this reason.

{¶22} R.C. 2711.10(C) states in part that an arbitration award is subject to vacation if "[t]he arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown[.]" "The decision to grant or deny a continuance is discretionary. [Linnen] must demonstrate that in light of the information presented to the arbitrator, the arbitrator abused his discretion in denying the requested continuance." (Internal citation omitted.) *CitiFinancial*

*Mtge. Co., Inc. v. Carson,* 10th Dist. No. 04AP-137, 2004-Ohio-6448, ¶ 14. The trial court discussed the arbitration panel's ruling and the circumstances surrounding it, as recited in the arbitration decision. The trial court found that sufficient cause was not shown. We cannot say that the trial court's conclusion was erroneous as a matter of law. The arbitration panel stated as follows:

> On the first day of hearing Linnen appeared pro se. The day before the second day of hearing began, Linnen asked for a continuance to obtain an attorney. Roubic objected. Linnen had adequate notice of the starting date for hearing. No request for continuance was made to the Panel by Linnen prior to the first day of hearing. No attorney appeared for Linnen requesting a continuance. The motion to continue was denied.

{¶23} Prior to the hearing, the parties received a letter from the ABA informing them of the hearing date and stating that the hearing date was firm and would not be rescheduled. Mr. Linnen and his law firm contend that, because this letter stated that the hearing date was firm and that it would not be rescheduled, this indicates that the ABA panel acted improperly to deny a continuance before Linnen requested one. In other words, Mr. Linnen and his law firm suggest that the panel had already predetermined the issue and that he was foreclosed from seeking a continuance regardless of the circumstances. Linnen's argument is belied by the fact that Linnen did move for a continuance (albeit belatedly), and the arbitration decision indicated that the panel did in fact consider the motion and the surrounding factual circumstances. In light of the record before us, we cannot say that the trial court's conclusion that the arbitration panel did not abuse its discretion is erroneous as a matter of law. Accordingly, Linnen's fourth assignment of error is overruled.

{¶24} In their fifth assignment of error, Mr. Linnen and his law firm assert that the trial court erred in failing to vacate the arbitration award pursuant to R.C. 2711.10(C) because the arbitrators were guilty of misbehavior by failing to follow their own rules. R.C. 2711.10(C)

additionally states that an arbitration award will be vacated if the arbitrators were guilty of "any other misbehavior by which the rights of any party have been prejudiced." We cannot say that the trial court's conclusion was erroneous as a matter of law. To the extent that Mr. Linnen and his law firm allege prejudice by the ABA failing to follow its rule requiring the panel to be composed of two lawyers and one lay person, as opposed to three lawyers, Mr. Linnen and his law firm have not explained how they were prejudiced in light of the panel's unanimous decision. To the extent that Mr. Linnen and his law firm assert that the ABA rules require them to have assented to the arbitration, which did not occur, as we noted above, the trial court is correct that a licensed attorney is obligated to abide by former DR 2-107(B) and/or Prof.Cond.R. 1.5(f) which requires arbitration of fee disputes between attorneys of different firms and "gives the mediators or arbitrators their authority to resolve the fee disputes." (Internal quotations and citation omitted.) *Shimko,* 103 Ohio St.3d 59, 2004-Ohio-4202, at ¶ 65. Thus, Mr. Linnen and his law firm were required to arbitrate the dispute and cannot demonstrate prejudice.

{¶25} Additionally, Mr. Linnen and his law firm assert that the panel failed to follow its rule that excludes disputes which appear to constitute a violation of the ethical rules from being heard by the ABA. Mr. Linnen and his law firm assert that they "presented substantial evidence to the ABA arbitration committee concerning Roubic's ethical violations * * * ." While some of that evidence was submitted to the trial court as well, it is unclear whether some of this evidence also took the form of testimony and discussion by the panel at the arbitration hearing. Absent a transcript of the arbitration hearing, the trial court could not fully evaluate the merits of this argument, and neither can we. *See Bennett,* 2007-Ohio-2154, at ¶ 32. Accordingly, Linnen's fifth assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING LINNEN THE RIGHT TO ENGAGE IN DISCOVERY AS PROVIDED UNDER THE OHIO RULES OF CIVIL PROCEDURE[.]

{¶26} Mr. Linnen and his law firm essentially contend in their first assignment of error that the trial court abused its discretion in denying Linnen discovery prior to ruling on Roubic's motion for summary judgment concerning whether the trial court had jurisdiction over Linnen's claims. We do not agree.

{¶27} Linnen filed a motion "for modification of briefing schedule to permit discovery" in January 2012 following the trial court's order which converted Roubic's motion to dismiss into a motion for summary judgment. Mr. Linnen and his law firm asserted that they were entitled to discovery concerning threshold jurisdictional issues and filed the motion prior to Roubic filing the motion for summary judgment. Linnen did not attach an affidavit to the motion. Roubic opposed the motion and filed a motion to stay discovery. Also in January, Linnen filed motions to compel discovery and to deem Linnen's requests for admissions admitted. The trial court construed Linnen's motion as a motion for a continuance pursuant to Civ.R. 56(F). The trial court overruled Linnen's motion noting that Linnen did not attach an affidavit to the motion in accordance with Civ.R. 56(F) and concluding that the discovery sought did not have a bearing on the trial court's determination of whether it had jurisdiction. The trial court also granted Roubic's motion to stay discovery until the trial court determined its jurisdiction. Linnen filed a motion for reconsideration on February 9, 2012, and filed an affidavit. In the trial court's decision granting summary judgment to Roubic, the trial court concluded that Linnen's pending discovery motions were moot.

{¶28} "Initially, we note that courts have broad discretion over discovery matters." (Internal quotations and citations omitted.) *Haley v. Nomad Preservation, Inc.*, 9th Dist. No. 26341, 2013-Ohio-86, ¶ 12. Civ.R. 56(F) provides that

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶29} "A party seeking a Civ.R. 56(F) continuance has the burden of stating a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance." (Internal quotations and citations omitted.) *McPherson v. Goodyear Tire & Rubber Co.,* 9th Dist. No. 21499, 2003-Ohio-7190, ¶ 15. "Further, the party must do more than assert a general request; it must demonstrate that a continuance is warranted." (Internal quotations and citations omitted.) *Id.* "This Court has stated that [t]he affidavit requirement is no mere trifle. To obtain a continuance under Civ.R. 56(F), a party must file an affidavit that sets forth why it is unable to present sufficient facts to rebut a motion for summary judgment." (Internal quotations and citations omitted.) *King v. Rubber City Arches, L.L.C.*, 9th Dist. No. 25498, 2011-Ohio-2240, ¶ 35. In addition, we note that, generally, a trial court has discretion to grant a stay of discovery pending resolution of a dispositive motion. *See State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 21.

{¶30} We cannot say that the trial court abused its discretion. Linnen failed to demonstrate why the discovery would be necessary in light of the issues raised by Roubic's motion for summary judgment. The question posed by Roubic's motion for summary judgment was whether Linnen's claim could be heard by the trial court. We cannot say it was unreasonable for the trial court to conclude that it could resolve the issue without further

discovery. The trial court was not faced with examining the merits of Linen's claims in light of the facts, but instead with considering whether it could hear Linnen's claims at all. Further, we note that Linnen was able to respond to the motion for summary judgment and was able to submit evidentiary materials including affidavits and numerous exhibits. Moreover, Linnen's motion pursuant to Civ.R. 56(F) asserted that discovery was required (1) to take the deposition of Ms. Roubic with respect to issues surrounding the fee for one of the clients that was the subject of arbitration; and (2) to submit the affidavit of James Skelton. Because the deposition was being sought regarding a matter that was previously arbitrated, it is arguable that the trial court could have reviewed the deposition request as being more related to Linnen's motion to vacate the arbitration award, as opposed to responding to the motion for summary judgment. In addition, the trial court may have considered that Linnen wished to pursue discovery to further substantiate the argument that the disputes at issue did not arise under Rule 1.5. However, in light of the analysis above, discovery would not have assisted Linnen in responding to the jurisdictional issue. As to the affidavit of James Skelton, we note that such was made a part of the record prior to the trial court ruling on Roubic's motion for summary judgment. In light of the foregoing, we cannot say that the trial court abused its discretion in denying Linnen a continuance or in granting a stay of discovery. Linnen's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT COMMITTED ERROR IN DISMISSING LINNEN'S COMPLAINT IN ITS ENTIRETY, FINDING THAT IT LACKED SUBJECT-MATTER JURISDICTION.

{¶31} Mr. Linnen and his law firm assert in their second assignment of error that the trial court erred in granting Roubic's motion for summary judgment and dismissing Linnen's complaint. We do not agree.

**{¶32}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8.

**{¶33}** Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

**{¶34}** Linnen's first two claims for declaratory relief essentially sought a declaration that, due to the disagreement about the terms of the referral agreement (i.e. whether Roubic had to refer all personal injury matters to Linnen and whether the fee was up to 50% or 50%), there was no agreement or, if there was an agreement, it was void for violating DR 2-107 and/or Prof.Cond.R. 1.5. With respect to Linnen's claim for unjust enrichment, from the complaint it can be discerned that Linnen paid Roubic referral fees based on what, at the time, Mr. Linnen believed was an agreement. Later, Mr. Linnen came to discover that Ms. Roubic was not

referring all personal injury clients to Linnen, and this led Linnen to believe that there was no agreement.

**{¶35}** There is nothing on the face of the complaint or in the record to suggest that any of the three counts represent anything other than a fee dispute between lawyers in different firms which is subject to mandatory, binding arbitration pursuant to *Shimko*. *See Shimko,* 103 Ohio St.3d 59, 2004-Ohio-4202, at ¶ 26. Mr. Linnen, by virtue of being licensed to practice law in Ohio, is obligated to abide by the Rules of Professional Conduct, thereby giving arbitrators authority to resolve the fee disputes at issue. *See id.* at ¶ 65. In light of the broad language in *Shimko*, we do not read the language of Prof.Cond.R. 1.5(f) so narrowly as to exclude fee disputes that are not in technical compliance with the mandates of Prof.Cond.R. 1.5(e) or fee disputes in which the attorneys question the terms that make up their agreement. *See id.* at ¶ 26 (noting that "the salient purpose of the rule is to prevent litigation of disputes between lawyers over the division of fees"). Accordingly, the trial court properly determined it did not have jurisdiction over Linnen's complaint. Linnen's second assignment of error is overruled.

III.

**{¶36}** In light of the foregoing, we overrule Linnen's six assignments of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P.J.
HENSAL, J.
CONCUR

APPEARANCES:

JEROME T. LINNEN, JR., Attorney at Law, for Appellants.

WILLIAM D. DOWLING, Attorney at Law, for Appellee.